UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ROBERTO BERAS,

                 **Petitioner,**

   - against -

UNITED STATES OF AMERICA

                **Respondent.**

------------------------------------------------------------X

**OPINION AND ORDER**

**05 Civ. 2678 (SAS)**

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

Petitioner Roberto Beras, *pro se*, moves for reconsideration of my March 20, 2013 Opinion and Order (the "Order") denying his petition for habeas corpus (the "Petition") under 28 U.S.C. § 2255 ("Section 2255").[1]  For the following reasons, the motion is denied.

## II.    JURISDICTION AND TIMELINESS

The Second Circuit has held that an entry of judgment under Rule 58 of the Federal Rules of Civil Procedure is not required after an order disposing of a petition under Section 2255, because habeas proceedings represent a further step in the criminal case, not an independent civil case requiring an independent final

---

[1]    *See* Motion for Reconsideration ("Recon. Mem.").

judgment.[2]  However, a motion under Rule 59(e) to amend or correct an order

disposing of a Section 2255 may still be brought, although such an order is not a

"judgment. . . ."[3]  Such a motion for reconsideration "is . . . treated as a Rule 59(e)

motion if filed within [fourteen] days of entry of the challenged order and as a Rule

60(b) motion if filed thereafter . . . ."[4]  Beras's motion for reconsideration is

deemed filed on April 12, 2013, when he tendered it to prison officials,[5] and so it is

a motion under Rule 60(b).

On April 15, 2013, Beras filed a notice of appeal from the Order.[6]

Normally the filing of a notice of appeal divests the district court of jurisdiction.[7]

--------

[2]     *See Williams v. United States*, 984 F.2d 28, 29 (2d Cir. 1993) ("We conclude that an order denying relief under [S]ection 2255 is not subject to Rule 58, [and] that no judgment is to be entered upon such an order. . . .").

[3]     Fed. R. Civ. P. 59(e).

[4]     *United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993).  *Cf.* Local Rule 6.3.

[5]     *See* Recon. Mem. at 34 (certificate of service).  *Cf. Moshier v. United States*, 402 F.3d 116, 117 (2d Cir. 2005) (applying the prison mailbox rule to a Section 2255 motion, and determining the date of filing under this rule with reference to, among other things, the certificate of service attached to the petition).

[6]     *See* 4/22/13 Notice of Appeal, Doc. No. 31 (revealing that Beras tendered the notice of appeal dated April 22, 2013 to prison authorities on April 15).

[7]     *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

2

But because Beras's motion for reconsideration was pending when he filed a notice of appeal, the notice of appeal will not become effective until this order disposing of Beras's motion for reconsideration has been entered.[8]  I therefore have jurisdiction to consider this motion.

## III.   STANDARD OF REVIEW

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.[9]  "'[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[10]  "Typical grounds for

---

[8]      *See* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").  *See also Ramirez v. United States*, No. 07 Civ. 459, 2013 WL 247792, at *1 (S.D.N.Y. Jan. 22, 2013) (citations omitted). *Cf.* Rules Governing § 2255 Proceedings, Rule 11(b), 28 U.S.C. foll. § 2255 ("Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. . . . These rules do not extend the time to appeal the original judgment of conviction.").

[9]      *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[10]      *United States v. Blumenberg*, No. 11 Cr. 3300, 2012 WL 6634066, at *2 (2d Cir. Dec. 21, 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257

reconsideration include 'an intervening change of controlling law, the availability

of new evidence, or the need to correct a clear error or prevent manifest

injustice.'"[11] Yet, because "the purpose of Local Rule 6.3 is to 'ensure the finality

of decisions and to prevent the practice of a losing party examining a decision and

then plugging the gaps of a lost motion with additional matters,'"[12] the Rule must

be "narrowly construed and strictly applied so as to avoid repetitive arguments on

issues that have been considered fully by the Court."[13] Specifically, "a motion for

reconsideration is not a substitute for [an] appeal."[14]

---

(2d Cir. 1995) (alteration in original)).

[11]     *Gucci America, Inc. v. Guess?, Inc.*, No. 09 Civ. 4373, 2011 WL
6326032, at *1 (S.D.N.Y. Dec. 16, 2011) (quoting *Virgin Atl. Airways, Ltd. v.
National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[12]     *Medisim Ltd. v. BestMed LLC*, No. 10 Civ. 2463, 2012 WL 1450420,
at *1 (S.D.N.Y. Apr. 23, 2012) (quoting *Grand Crossing, L.P. v. United States
Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct.
6, 2008)).

[13]     *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1
(S.D.N.Y. Jan. 8, 2009) (quotation omitted).

[14]     *Scienton Techs., Inc. v. Computer Assocs. Intern. Inc.*, No. 04 Civ.
2652, 2013 WL 1856653, at *3 (E.D.N.Y. May 1, 2013) (quotation marks and
citations omitted). *Accord Massop v. United States Postal Service*, 493 Fed. App'x
231, 232 (2d Cir. 2012) ("Finally, to the extent Massop was using the motion for
reconsideration to challenge the merits of the district court's judgment, she was
improperly using the motion as a substitute for appeal.") (citing *Stevens v. Miller*,
676 F.3d 62, 67 (2d Cir. 2012) ("In no circumstances . . . may a party use a Rule
60(b) motion as a substitute for an appeal it failed to take in a timely fashion.")).

4

## IV.   DISCUSSION[15]

### A.   Ineffective Assistance for Failure to Object to Partial Juror

The first ground for reconsideration raised by Beras was overlooked in the Order. In the interest of affording Beras "one full opportunity to seek collateral review[,]"[16] I will consider this ground as an invitation to correct the record under Rule 60(a),[17] rather than as a motion for reconsideration under Rule 60(b).

The overlooked ground is as follows. In the Petition, Beras raised a claim for ineffective assistance of counsel based on his trial counsel's failure to move to dismiss a juror who served as a police officer for the City of New York.[18]

---

[15]   Familiarity with the extensive facts related to Beras's underlying criminal conviction and sentence, as well as with the Court's related Orders, is assumed.

[16]   *Wall v. United States*, 619 F.3d 152, 155 (2d Cir. 2010) (noting that the practice in the Second Circuit is to "permit[] a petitioner . . . one full opportunity to seek collateral review of a judgment") (quotation marks and citations omitted).

[17]   Rule 60(a) provides that "[t]he court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.").

[18]   *See* Recon. Mem. at 2 (citing Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Pet. Mem.") at 32-33; Reply to Government's Brief in Opposition to Pet. Mem. ("Reply Mem.") at 3-6). Beras also argues that the trial court erred by failing to *sua sponte* dismiss the juror. *See*

5

Specifically, Beras claimed that: (1) the selection of the juror was improper under

28 U.S.C. § 1863(b)(6) ("Section 1863") of the Jury Selection and Service Act

("JSSA"), 28 U.S.C. §§ 1861–1878; and (2) the juror in question should have been

dismissed due to bias.[19]  In support of this claim, Beras alleged that he:

> [R]epeatedly[] requested [that] his counsel [] strike or object to the
> police officer's partiality, but his counsel refused to do so arguing
> that there was no basis to strike the police officer for cause.
> During deliberations, the police officer interjected prejudicial
> inferences and interferences[,] on one occasion being admonished
> by the Court.[20]

This claim is without merit.  As to the first grounds for this claim,

Beras implicitly argues that the JSSA sets forth a rule that the presence of a police

officer on a jury taints judicial proceedings such that any verdict rendered is void.

This misreads the JSSA, which exempts police officers from service, but does not

state or imply that this exemption is related to the defendant's trial rights.

Section 1863(a) of the JSSA directs each District Court of the United

States to design and implement a written jury-selection plan in conformity with the

---

*id*.  This allegation is rejected for the reasons discussed above, and because "[i]n
reviewing claims of juror bias, the deference due to district courts is at its pinnacle:
'A trial court's findings of juror impartiality may be overturned only for manifest
error.'" *Skilling v. United States*, 130 S.Ct. 2896, 2923-24 (2010) (quoting *Mu'Min
v. Virginia*, 500 U.S. 415, 428 (1991)).

[19]     *See* Recon. Mem. at 2 (citations omitted).

[20]     Reply Mem. at 3 (citing Trial Transcript at 1981-82).

objectives of Sections 1861 and 1862, and provides for certain mandatory features of any such plan.  Section 1863(b)(6), upon which Beras relies, provides that "members of the fire or police departments of any State" are "barred from jury service on the ground that they are exempt. . . ."

Section 1863(b)(6) represents Congress's recognition that the obligation of jury service imposed by Section 1861 is an obligation of *public* service, which the categories of persons enumerated in Section 1863(b)(6) are already actively discharging.  That is why all of the exemption categories are limited to persons who are *currently* engaged in public service.  It is also why police officers are "exempted" from service, rather than *excluded* from service,[21] or judged *unqualified* for service.[22]  Also exempted from service are active-duty fire department members and, *e.g.*, "members in active service in the Armed Forces of the United States . . . ."[23]  In sum, there is no indication that the trial rights of criminal defendants affected the categories of persons exempted from service by

---

[21]    *See* 28 U.S.C. § 1865(a) (distinguishing between juror exemption, exclusion, and disqualification); *id.* § 1863(b)(5)(A) (requiring that jurors be excused from service only upon a showing of "undue hardship or extreme inconvenience").

[22]    *See id.* § 1865(b) (enumerating circumstances where a juror may be deemed unqualified for service).

[23]    *Id.* § 1863(b)(6).

7

Section 1863(b).  Instead, the exemptions of Section 1863 inure to the benefit of the exempted persons.

Because the exemptions of Section 1863(b)(6) are for the benefit of public servants, not criminal defendants, a criminal defendant does not have standing to bring an as-applied challenge under the JSSA when an exempted person is called for jury service.[24]  Because failure to assert a nonexistent right is not ineffective assistance, Beras's claim under the JSSA is denied.

An independent ground for this holding is that all of Beras's claims under the JSSA have been defaulted.  Challenges under the JSSA must be raised "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier. . . ."[25]  This rule applies on collateral review under

---

[24]    *See, e.g., United States Dept. of Labor v. Triplett*, 494 U.S. 715, 736 (1990) (standing depends upon "whether the litigant is entitled to raise the legal claim asserted, either because her own legal rights are at stake or because principles of federal law justify her status as a 'private attorney general' on behalf of those absent parties whose rights are at stake"); *Warth v. Seldin*, 422 U.S. 490, 500 (1975) ("Essentially, the standing question in [] cases [involving statutory rights] is whether the . . . statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief.").

[25]    28 U.S.C. § 1867(a). *See id.* § 1867(e) (stating that "[t]he procedures prescribed by this section shall be the exclusive means by which a person accused of a Federal crime . . . may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title.").

section 2255,[26] and Beras's ineffective assistance claim cannot establish cause and

prejudice sufficient to overcome his default because the underlying claim is

without merit.[27]

Similarly, the juror impartiality claim underlying Beras's ineffective

assistance of counsel claim has been either forfeited or waived,[28] and, for the

---

[26]    See, e.g., United States v. Henry, 150 Fed. App'x 68, 71 (2d Cir. 2005).

[27]    See id. ("[T]o the extent Henry argues that his trial counsel was ineffective for failing to preserve this claim, Henry has not demonstrated that he was prejudiced by counsel's alleged error because he has not offered any evidence that there was a substantial failure to comply with the [JSSA]. . . .").

[28]    See United States v. Olano, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.") (quotation marks and citations omitted).  Although it is unnecessary to deciding this motion, there is a basis in the record to conclude that, through his trial counsel's failure to timely object, Beras's jury impartiality claim has been waived, not merely forfeited. See Waters v. McGinnis, 99 Fed. App'x 318, 319 (2d Cir. 2004) ("By deliberately choosing not to challenge this particular juror before the trial court, [Petitioner] has waived the opportunity to challenge the juror's impartiality on habeas review.") (citations omitted). Cf. United States v. Lowe, 96 Fed. App'x 23, 26-27 (2d Cir. 2004) ("Because [the defendant] did not properly challenge the seating of [the] juror [] [at trial], his challenge on appeal is waived.") (citation omitted). But see United States v. Nelson, 277 F.3d 164, 213 (2d Cir. 2002) (holding that, in light of "trial court's race- and religion-based reconstruction of the jury. . . . defendants' consent to the plan as a part of which the biased juror was [i]mpaneled did not constitute a valid waiver of their claim that the jury before which they were tried was improperly partial"); Vasquez v. Hillery, 474 U.S. 254 (1986) (holding that unlawful exclusion of grand jurors of defendant's race constituted a structural error).

9

reasons stated below, ineffective assistance of trial counsel does not excuse this default. However, the Government is barred from asserting the defense of waiver because it failed to first assert it in its opposition to the Petition.[29]

Nevertheless, the claim fails on the merits. The Sixth Amendment to the United States Constitution grants criminal defendants the right to be tried "by an impartial jury[,]" and the Supreme Court has held that "[o]ne touchstone of a fair trial is an impartial trier of fact—a jury capable and willing to decide the case solely on the evidence before it."[30] "The right to trial before an impartial trier of fact . . . therefore implicates Due Process as well as Sixth Amendment rights."[31]

Juror partiality can take three forms: actual, inferred, or implied.[32]

> Actual bias is bias in fact, generally evidenced by express proof, such as a juror's admission to a state of mind prejudicial to a party's interest. Implied bias is bias conclusively presumed as a matter of law from circumstances in which an average person in the position of the prospective juror would be prejudiced. Inferred bias exists when a juror discloses a fact that bespeaks a risk of partiality sufficiently significant to warrant granting the trial judge discretion to excuse the juror for cause, but not so great as to make

---

[29]     See *United States v. Canady*, 126 F.3d 352, 360 (2d Cir. 1997).

[30]     *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) (quotation marks and citation omitted).

[31]     *Nelson*, 277 F.3d at 201.

[32]     See *United States v. Torres*, 128 F.3d 38, 43 (2d Cir. 1997).

mandatory a presumption of bias.[33]

Beras presents no facts upon which a finding of actual or inferred bias may rest.  The only evidence of actual or inferred bias advanced in the Petition is that the police officer juror asked a question in open court.[34]  As this Court found in denying Beras's motion for bail pending resolution of his section 2255 motion, "[this] citation does not on its face support Petitioner's argument [relating to juror bias] . . . ."[35]

Beras's argument regarding implied bias is foreclosed by controlling precedent.  The Second Circuit "has consistently refused to create a set of unreasonably constricting presumptions that jurors be excused for cause due to certain occupational or other special relationships which might bear directly or indirectly on the circumstances of a given case, where . . . there is no showing of actual bias or prejudice."[36]  In particular, "[i]t is well established that '[t]he mere fact of membership on a police force is not presumptively a disqualification for

---

[33]   *United States v. Quinones*, 511 F.3d 289, 301 (2d Cir. 2007) (quotation marks and citations omitted).

[34]   *See* Pet. Mem. at 33.

[35]   *Beras v. United States*, No. 05 Civ. 2678, 2012 WL 2148986, at *1 (S.D.N.Y. June 12, 2012) (citing Trial Transcript at 1981-82).

[36]   *Torres*, 128 F.3d at 46.

11

service on a jury in a criminal trial.'"[37]  Accordingly, the Petition does not allege implied bias.

Because there was no basis to challenge the juror for cause, Beras's ineffective assistance claim boils down to an attack on his counsel's tactical decision not to exercise a peremptory challenge.  As a court in this District has noted, "strategies as to the exercise of peremptories are matters of counsel's intuition, and do not rise to the level of constitutional error."[38]  Beras has alleged no facts that call into question the "strong[] presum[ption]" that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. . . ."[39]  Nor has he alleged any facts tending to "affirmatively prove prejudice."[40]  For these reasons, and for the reasons stated above, his claim for ineffective assistance of counsel for failure to challenge the police officer as a juror is denied.

---

[37]     *United States v. Rowell*, 457 Fed. App'x 49, 51-52 (2d Cir. 2012) (quoting *Mikus v. United States*, 433 F.2d 719, 724 (2d Cir. 1970)).  *Accord Torrez v. Sabourin*, No. 00 Civ. 3286, 2001 WL 401444, at *7 (S.D.N.Y. Apr. 19, 2001) (citations omitted).

[38]     *Doleo v. Reynolds*, No. 00 Civ. 7297, 2002 WL 922260, at *4 (S.D.N.Y. May 7, 2002).

[39]     *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[40]     *Id.* at 693.

**B.     The Remaining Grounds for Relief Do Not Merit Reconsideration**

I have carefully reviewed the remaining grounds for reconsideration raised by Beras, and find that they were all considered and rejected in the Order.[41] Beras has not pointed to "controlling decisions or data that the court overlooked" in the Order.[42]  Instead, the motion for reconsideration amounts to untimely supplemental briefing.  For this reason, the remaining grounds for reconsideration are denied.  The proper course for Beras is to pursue these issues on appeal.[43]

**V.     CONCLUSION**

For the foregoing reasons, the motion for reconsideration is denied. The Clerk of the Court is directed to close the motion (Doc. No. 30).

---

[41]     *See* Recon. Mem. at 2-33.

[42]     *United States v. Blumenberg*, No. 11 Cr. 3300, 2012 WL 6634066, at *2 (2d Cir. Dec. 21, 2012) (quotation marks and citations omitted).

[43]     *See Stevens*, 676 F.3d at 67.

13

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            June 3, 2013

14

## - Appearances -

**Petitioner (Pro Se):**

Roberto Beras
Register # 45865-054
Elkton Federal Correctional Institution
P.O. Box 10
Lisbon, OH 44432

**For Respondent:**

Tatiana R. Martins
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-1944