UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

ROBERTO BERAS,

                Petitioner,

  - against -

UNITED STATES OF AMERICA

                Respondent.

------------------------------------------------------- X

**MEMORANDUM OPINION AND ORDER**

05 Civ. 2678 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      On December 4, 2000, a jury in this District returned a verdict finding Roberto Beras guilty of a number of crimes related to an international money laundering conspiracy. On November 21, 2001, Judge Shirley Wohl Kram sentenced Beras to concurrent terms of imprisonment of 292 months and three years of supervised release. Beras's sentence and conviction were affirmed by the Second Circuit, and the Supreme Court denied a writ of certiorari in 2004.[1]

      On March 9, 2005, Beras filed a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Petition"). On March 20, 2013, this Court issued an Opinion and Order denying

---

    [1]    *See United States v. Dinero Express, Inc.*, 57 Fed. App'x 456 (2d Cir. 2002); *United States v. Dinero Express, Inc.*, 313 F.3d 803, 804 (2d Cir. 2002), *cert. denied, Beras v. United States*, 540 U.S. 1184 (2004), *reh'g denied*, 541 U.S. 1057 (2004).

the Petition.[2] On April 22, 2013, Beras filed both a notice of appeal and a motion for reconsideration.[3] The motion for reconsideration was denied on June 3, 2013.[4] On January 8, 2014, the Second Circuit denied Beras's motion for a certificate of appealability and dismissed his appeal.[5]

While the appeal was pending, third-party Porfirio Mejia, a prisoner in the same facility as Beras, filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24 ("Rule 24") to assert the public's qualified First Amendment right to access to criminal proceedings. Mejia's motion is based on allegations raised in a supplemental motion filed by Beras on February 5, 2006, and this Court's determination that those claims were time-barred.[6]

Beras alleged that:

> (1) Judge Kram heard certain aspects of the trial – e.g., Beras's not-guilty plea, a portion of his bail proceedings, and hearings related to the voir dire process and juror notes – in her robing room, rather than in open court; (2) on one occasion, Beras's defense counsel asked that Beras's wife and young children be

---

[2] *See Beras v. United States*, Nos. 05 Civ. 2678, 99 Cr. 75, 2013 WL 1155415 (S.D.N.Y. 2013) ("Merits Opinion").

[3] *See* Document Nos. 30 and 31.

[4] *See Beras v. United States*, Nos. 05 Civ. 2678, 99 Cr. 75, 2013 WL 2420748 (S.D.N.Y. 2013).

[5] *See* Document No. 40.

[6] *See* Document No. 119 in case number 99 Cr. 75.

removed from the Court because the children were too young, and might disrupt the proceedings; and (3) on another occasion, Judge Kram asked that two spectators leave the court, because it was overcrowded.[7]

I held that Beras's claims concerning these issues did not relate back to the Petition and accordingly were time-barred.[8] Mejia argues that he should be permitted to intervene in Beras's habeas proceeding to "assert claims under the Constitution of the United States that Beras cannot assert, because . . . [Beras] is barred from doing so by the applicable statute of limitations."[9]

Rule 24 provides for both intervention as of right and permissive intervention:

> (a) Intervention of Right. On timely motion, the court must permit

---

[7] Merits Opinion, 2013 WL 1155415, at *9.

[8] *See id.* at *10. I also noted that of the claims alleged by Beras, these claims appeared to have far more merit than any others. *See id.* (comparing *United States v. Alcantara*, 396 F.3d 189, 201 (2d Cir. 2005) (vacating plea because plea proceedings were held in judge's robing room without findings on the record of necessity, in violation of public's First Amendment right of access to judicial proceedings and the defendant's Sixth Amendment right to a public trial) *with United States v. Gomez*, 705 F.3d 68 (2d Cir. 2013) (holding that exclusion of defendant's family from voir dire proceedings did not provide a basis for reversing conviction, because lack of findings on exclusion was invited by defendant, and exclusion did not "affect[ ] the fairness, integrity, or public reputation of judicial proceedings.")). *Cf. Morales v. United States*, 635 F.3d 39, 45 (2d Cir. 2011) (reviewing denial of petition under Section 2255, and holding that trial counsel's failure to object to court closure was not unreasonable).

[9] Document No. 38 at 1.

anyone to intervene who:

    (1) is given an unconditional right to intervene by a federal statute; or

    (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.

    (1) In General. On timely motion, the court may permit anyone to intervene who:

        (A) is given a conditional right to intervene by a federal statute; or

        (B) has a claim or defense that shares with the main action a common question of law or fact.

In support of his motion, Mejia cites to authority addressing motions to intervene in criminal cases, most often by the media, to assert the public's First Amendment right to access to criminal proceedings.[10]

There are no grounds for intervention in this habeas proceeding. Section 2255 grants neither a conditional nor an unconditional right to intervene.

---

[10] *See* Document No. 38 at 3 (citing *United States v. Aref*, 533 F.3d 62, 76, 81 (2d Cir. 2008) (holding that motions to intervene in criminal cases to assert the public's First Amendment right to access to criminal trials were proper, but upholding the district court's denial of such a motion in that case); *ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004); *United States v. Suarez*, 880 F.2d 626, 628 (2d Cir. 1989); *In re New York Times Co.*, 828 F.2d 110, 113 (2d Cir. 1987); *In re Herald Co.*, 734 F.2d 93, 96 (2d Cir. 1984)). Meija also cites to *United States v. Kollintzas*, 501 F.3d 796, 800 (7th Cir. 2007). In that case, the defendant's estranged wife was permitted to participate in garnishment proceedings "as an 'interested person' under the [Federal Debt Collection Procedures Act] and not [as] an intervener." *Id.* at 801.

Mejia does not contend that he has a claim or defense related to a common question of law or fact. Mejia is seeking to intervene in Beras's section 2255 proceeding, not in a criminal proceeding in which there are ongoing – or likely to be repeated – First and Sixth Amendment concerns.

For example, in *ABC, Inc. v. Stewart* the district court had issued an order in the highly publicized criminal trial of Martha Stewart, which, among other things, barred the media from jury voir dire (which was to be held in the judge's robing room).[11] A group of news organizations moved to vacate or modify the order, and the district court's denial of that motion was appealed to the Second Circuit.[12] Because the media coalition did not seek a stay from the district court's order, voir dire concluded before the appeal had been decided.[13]

The Second Circuit determined that although technically moot, the issue was justiciable because "the underlying dispute was 'capable of repetition,

---

[11] *See* 360 F.3d at 95.

[12] *See id.* at 96. The media coalition did not make a formal motion to intervene. *See id.* ("By hearing the Media Coalition's motion, the district court in effect allowed the Media Coalition to intervene in the pending criminal proceeding for the limited purpose of challenging the January 15 Order, and the Media Coalition can therefore appeal from that Order.").

[13] *See id.* at 97.

5

yet evading review.'"[14] The Second Circuit explained that this exception to the mootness doctrine applies where "(1) the challenged action was in duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again."[15]

Here, Beras's trial concluded in December 2000, and Beras was sentenced in 2001. No objection was made at the time of the alleged exclusion of the public. Because Judge Kram died in 2009, there is no basis to permit intervention based on Judge Kram's continued or "customary" practices.[16]

---

[14] *Id.* (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 6, (1986)).

[15] *Id.* (quotations omitted) (alterations in original). For another example, in *Aref*, the issue came before the Second Circuit on defendant's direct appeal. As explained by the Second Circuit, prior to trial the Government was able to obtain protective orders under the Classified Information Procedures Act, restricting discovery of certain classified information. *See* 533 F.3d at 76. "Based on an article in The New York Times (suggesting the defendants might have been subject to warrantless surveillance), Aref [ ] moved to discover evidence resulting from any warrantless surveillance and to suppress any illegally obtained evidence or to dismiss the indictment." "Both the Government's responses to the motion and the district court's order denying the motion were sealed because they contained classified information." *Id.* "The district court also denied motions by the New York Civil Liberties Union . . . to intervene and to get public access to those sealed documents." *Id.* There is no corollary here to the access to sealed documents issue raised in *Aref*.

[16] Document 38 at 3.

For the foregoing reasons, Mejia's motion to intervene is denied. The Clerk of the Court is directed to close this motion (Dockets # 37 and 38 in case number 05 Civ. 2678).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
February 7, 2014

## - Appearances -

**Movant (Pro Se):**

Porfirio Mejia
# 57158-054
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

**For Respondent:**

Benjamin Naftalis
Tatiana Martins
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2456